UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO. 14-10768-GAO

ANNE ETIENNE,
Plaintiff,

v.

BOSTON MEDICAL CENTER, DAVID TWITCHELL, and LISA O'CONNOR
Defendants.

OPINION AND ORDER
February 4, 2015

O'TOOLE, D.J.

Plaintiff Anne Etienne brought this action against defendants Boston Medical Center ("BMC"), David Twitchell, and Lisa O'Connor after being terminated from her position as a pharmacologist at BMC. She asserts claims of retaliation under the Family and Medical Leave Act (Count I); age discrimination, gender discrimination, and race discrimination under Massachusetts General Laws Chapter 151B (Counts II-IV); and breach of contract and violation of the covenant of good faith and fair dealing (Count V). The defendants move to dismiss Counts II through V pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.      Factual Background**

The Complaint alleges the following facts. Beginning in October 2008, Etienne served as Pharmacy Operations Manager at BMC for over three years. Defendants Twitchell and O'Connor were employees of BMC as well. While at BMC, Etienne received regular bonuses and performed high quality work. However, Etienne, who was more than 40 years old at the relevant times and is of Haitian descent, claims that she was passed over for promotions in favor of less experienced employees because of her race, age, and gender. In particular, O'Connor

promoted Twitchell, a younger, white male, over her to serve as director of the department, despite Etienne's more extensive experience. As director, Twitchell gave Etienne negative evaluations for her work.

In early 2012, Etienne went on intermittent leave under the Family and Medical Leave Act ("FMLA") to care for her mother. Later, in March 2012, Etienne herself experienced serious health problems related to anxiety and stress and, following her doctors' advice, she requested additional FMLA leave on March 28, 2012. The FMLA forms provided that Etienne should not return to work earlier than April 25, 2012. Before that date, BMC purportedly terminated Etienne, a decision it attributed to deficient performance. Etienne claims BMC's articulated reasons were pretextual and discriminatory.

On February 19, 2013, Etienne filed a discrimination complaint with the Massachusetts Commission Against Discrimination (MCAD). On June 14, 2013, Etienne filed a request to withdraw her complaint so she could file a private action. Etienne filed this action on March 13, 2014.

## II. Discrimination Claims Under Mass. Gen. Laws ch. 151B

Prior to filing a civil action for discrimination under Chapter 151B, a plaintiff must first file a complaint with the MCAD within 300 days of the alleged discrimination. M.G.L. ch. 151B, § 5; Ryan v. Holie Donut, Inc., 977 N.E.2d 64, 68 (Mass. App. Ct. 2012); see also Shervin v. Partners Healthcare Sys., Inc., 2 F. Supp. 3d 50, 62 (D. Mass. 2014).

The Complaint alleges that the plaintiff's employment was terminated effective April 25, 2012, a date which is exactly 300 days prior to the date the MCAD charge was filed. The defendants argue that the MCAD itself found the claim untimely, having found that the termination occurred earlier in April. However, Massachusetts case law suggests that a plaintiff

is entitled to de novo judicial review of the MCAD's determination of timeliness. See Christo v. Edward G. Boyle Ins. Agency, Inc., 525 N.E.2d 643, 645 (Mass. 1988) (finding that the MCAD's tolling determination is subject to judicial review); Hudak v. Massachusetts Comm'n Against Discrimination, No. 03-p-1071, 2004 WL 1837111, at *2 (Mass. App. Ct. Aug. 17, 2004) ("Had Hudak timely availed himself of [filing a civil action], the issue of the timeliness of his complaint with the MCAD could have been judicially determined."). Accordingly, the MCAD's untimeliness conclusion is not binding on this Court, particularly on a Rule 12(b)(6) motion to dismiss, where what matters is the sufficiency of the allegations of the complaint. If facts supporting an earlier termination date could be indisputably established, however, a future motion for summary judgment may lie. For now, the motion to dismiss the discrimination claims for failure to timely file a charge with the MCAD must be denied.

It is not clear whether the plaintiff intended to sue Twitchell and O'Connor individually for the discrimination claims. Whereas Count I (a claim under FMLA) is explicitly said to be "against all defendants," the remaining counts do not include this statement, and the claim in each discrimination count is that "Boston Medical Center's conduct" violated Chapter 151B. (Compl. ¶¶ 41, 45, 50 (dkt. no. 1).).

In any event, discrimination claims against the individual defendants Twitchell and O'Connor have not been adequately pled. M.G.L. ch. 151B only imposes individual liability for retaliation under §4(4), coercion, intimidation, or interference under §4(4A), or aiding and abetting under §4(5). Beaupre v. Cliff Smith & Assocs., 738 N.E.2d 753, 764 & fn.16 (Mass. App. Ct. 2000). Etienne does not allege facts supporting claims for retaliation or coercion under Chapter 151B. As for aiding and abetting liability, the plaintiff must show that the individuals "acted in [a] manner distinct and separate from the duties and responsibilities of their positions

3

as . . . officers." Butler v. Wellington Mgmt. Co., LLP, No. 10-P-236, 2011 WL 2463446, at *7 (Mass. App. Ct. June 22, 2011); see also Fisher v. Town of Orange, 885 F. Supp. 2d 468, 476-77 (D. Mass. 2012) ("[A]n individual may be held separately liable if he actively and intentionally provides substantial, supporting assistance to intentional conduct that is prohibited by chapter 151B."); Johnson v. Verizon New Eng., Inc., No. 051639, 23 Mass. L. Rptr. 40, at *10 (Mass. Super. Ct. Aug. 22, 2007). Because Etienne has not alleged that either Twitchell or O'Connor acted outside their capacity as employees of BMC, she has failed to state claims for individual liability under Chapter 151B. See Butler, 2011 WL 2463446, at *7.

### III. Breach of Contract and Violation of the Covenant of Good Faith and Fair Dealing

To the extent that the plaintiff's claims for breach of contract and covenant allege discrimination as the basis for the breach, separate common law claims are precluded. Chapter 151B is the exclusive remedy for employment discrimination claims under Massachusetts law. Charland v. Muzi Motors, Inc., 631 N.E.2d 555, 559 (Mass. 1994). Accordingly, Chapter 151B will preempt common law claims based on factual allegations of employment discrimination. See, e.g., Green v. Wyman-Gordon Co., 664 N.E.2d 808, 813 (Mass. 1996) ("Insofar as the plaintiff's common law claims are merely recast versions of her sexual harassment claims under c. 151B, they are barred by the statute's exclusivity provision."); Mouradian v. Gen. Elec. Co., 503 N.E.2d 1318, 1319 (Mass. App. Ct. 1987) (determining that claims based on wrongful termination are precluded under Chapter 151B); Melley v. Gillette Corp., 475 N.E.2d 1227, 1229-30 (Mass. App. Ct. 1985) (finding that Chapter 151B provides the exclusive remedy for breach of covenant of good faith and fair dealing claim based on wrongful termination); Laureano v. Legal Sea Foods, LLC, No. 13-cv-12057-FDS, 2013 WL 5587949, at *2-3 (D. Mass. Oct. 9, 2013) (describing Massachusetts law).

However, Etienne contends that her claims for breach of contract and breach of the implied covenant of good faith and fair dealing are not based on discrimination but on a distinct theory of bad faith fabrication of a basis for termination and bad faith refusal to follow BMC's own employment policies and procedures. She thus presents a claim that is complementary to, and not in repetition of, her discrimination claims. As a matter of pleading, the claim is sufficiently stated as to BMC. Like the discrimination claims, the Complaint does not allege the existence of any contractual relationship with either of the individual defendants that could form the basis for claim of breach by them.

### IV.    Conclusion

For the foregoing reasons, the defendants' Partial Motion (dkt. no. 10) to Dismiss is GRANTED in part and DENIED in part. The claims in Counts II through V are dismissed as to defendants Twitchell and O'Connor. The motion is otherwise denied.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge